Dewey, J.
This was an action of assumpsit by Harter against McKinney. The declaration contains three counts. One of them alleges, “ that the defendant made his certain promissory note in writing commonly called a due bill, by which he acknowledged himself indebted to the plaintiff in the sum of, &c., and delivered the same to the plaintiff, by means whereof the said defendant became liable to pay the plaintiff, &c., and being so liable, &c., promised the plaintiff to pay him,” &c. The other two counts raise no question. Plea, the general issue. Judgment for the plaintiff.
On the trial, the plaintiff offered in evidence the following instrument signed by the defendant: “ $136.50. For value received, due to the estate of Thomas Hagar, deceased, $136.50, as witness my hand;’’ ahd he also offered to prove, that the defendant had said “that the note was just, that he owed the plaintiff the amount of it, that he gave the note to the plaintiff for goods purchased of him, as the administrator of the estate of on & Hagar, deceased, or for goods purchased of Hagar in his lifetime, and that he would pay it.” The defendant objected to the admissibility of the writing, and of the parol evidence; but the Court admitted them.
We do not see on what ground the decision of the Circuit Court can be sustained. There was a variance between the writing set out in the declaration, and that offered in evidence. The one purported to be a promise or acknowledgment of indebtedness to the plaintiff, and the other to the estate of Thomas Hagar, deceased. The plaintiff contends, that the instrument is declared on according to its legal effect. But that the legal effect of the instrument in question is an undertaking or an acknowledgment of being indebted to the plaintiff', more than to any other individual, *we are unable to perceive. The declaration ' does not allege that the plaintiff was the *343 administrator of Thomas Plagar, or that the promise was made to him as such. We think the Court erred in admitting the testimony.
W. J. Peaslee and W. W. Wick, for the appellant.
J. Byman for the appellee.
Per Curiam.—The judgment is reversed with costs. Cause remanded,, &c.